WESTERN DIST.          LECKIE *vs.* CRAIN ET AL.
*Oct.* 1838.

LECKIE
*vs.*
CRAIN ET AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF RAPIDES, THE JUDGE OF THE DISTRICT PRESIDING.

The absence of a witness from the court house, but who is in town, and not in a situation to testify at the time he is called, furnishes sufficient grounds to postpone the trial until the next day, without any other showing by the party wanting his testimony.

The disappointment of a party in being deprived of the testimony he wanted, by the misconduct of a witness at the trial, presents good grounds for a new trial.

This is a petitory action, in which the plaintiff claims title to lot No. 2, in square No. 12, in the town of Alexandria, and alleges that the defendants, Crain and Hunter, have taken possession and set up title thereto. He prays that he be decreed the true owner of said lot, together with all the buildings thereon, and five hundred dollars in damages, and that he have the possession of the same.

The defendants pleaded a general denial, and further averred, that they purchased the lot in question of one R. T. Gibson, whom they call in warranty.

Upon these pleadings and issues the cause was tried before the court and a jury.

In the course of the trial the defendants called as a witness in their behalf, the parish surveyor, who, not answering although in town, the sheriff went after him. He returned soon and reported that the witness was not in a fit state to enter the court house. The counsel of the defendants moved the court for an attachment which was refused, the court being of opinion that the witness was not in a proper state to give evidence.

The counsel for the defendants then moved the court to postpone the further trial of the cause, until morning by which time the witness might be able to give testimony; this being at night when candles were lit, which motion the court also refused, considering that a proper showing ought to have been made before the trial was gone into ; to which

opinions of the court the defendants' counsel took a bill of exceptions.

The jury returned a verdict for the plaintiff, giving him the lot and improvements as he claimed, and two hundred and seventy dollars in damages.

The defendants moved for a new trial on several grounds, which was refused, and from judgment rendered, confirming the verdict, they appealed.

*Dunbar*, for the plaintiff. The verdict and judgment is supported by the evidence, and should be affirmed. There is no other question in this case except what arises on the motion for a new trial. This was properly refused, as there was no legal or proper showing that the witness could not be had, or that due diligence had been used to procure his testimony. It is unnecessary now to remand the cause because the witness is dead, and another trial cannot alter the case.

2. It is as necessary for the party to show by affidavit, in a case like this, that the witness was *not* placed in a condition which prevented him from testifying by his procurement, as to show he was not absent from the same cause.

*Winn*, for the defendant, insisted, that the evidence and titles produced, did not support the judgment, which, on this ground, ought to be reversed.

2. But the refusal of the judge *a quo* to postpone the trial until the next day, to enable the party to obtain the testimony of his witness, is sufficient ground to remand the cause for a new trial. The law does not require an affidavit to postpone a cause to procure the attendance of a witness, when he has been summoned. *Code of Practice, article* 471.

*Martin, J.*, delivered the opinion of the court.

The defendants pray that this case be remanded for a new trial. It appears that one of the defendants' witnesses being in town during the trial, the sheriff was sent to bring him into court, but returned and reported that the witness was not in a situation to be sworn. On this an attachment

WESTERN DIST.
Oct. 1838.

LECKIE
vs.
CRAIN ET AL.

was applied for and refused. It being after candle-light, the counsel for the defendants prayed that the case be adjourned until morning, when it was expected the witness would be in a condition to testify. This was also refused. The trial proceeded, notwithstanding a bill of exceptions was taken to the opinion of the court, refusing the adjournment. A verdict was given against the defendants, who vainly attempted to have it set aside on the ground of surprise, and from judgment rendered thereon, they have appealed.

It is contended, on the part of the appellee, that the District Court did not err, because it was not shown by affidavit, that due diligence had been used, and that the situation of the witness was not occasioned by the procurement of the party, who wanted his testimony. This certainly would have been required if a continuance or postponement of the trial to another term had been asked. In such a case the difference is great, from a request to adjourn a trial from candle-light until the next morning.

The absence of a witness from the court house, but who is in town, and not in a situation to testify at the time he is called, furnishes sufficient ground to postpone the trial until the next day, without any other showing by the party wanting his testimony.

It appears to us the appellants used proper diligence. The witness was in town, and they took the proper means to have him brought into court. They could not have been much benefited by the delay, since the trial, most probably, would have terminated before noon the next day.

It is further urged, that the witness is now dead, and the remanding of the case will not afford the appellants the opportunity of availing themselves of his testimony ; but it will give them the means of procuring the testimony of other witnesses, which may not have been at hand when they discovered the inability of the witness they had relied on. It appears to us upon the whole, that the ends of justice would have been better promoted by granting, than refusing the appellant's request.

The disappointment of a party in being deprived of the testimony he wanted, by the misconduct of a witness at the trial, presents good grounds for a new trial.

The disappointment of the appellants in being deprived of the testimony they wanted, presented a ground for a new trial, which, in our opinion, ought not to have been disregarded.

It is, therefore, ordered, adjudged and decreed, that the

judgment of [the District Court be annulled, avoided and <span style="float:right">WESTERN DIST.</span> reversed ; the verdict set aside, and the case remanded for a <span style="float:right">*Oct.* 1838.</span> new trial, the appellee paying the costs of the appeal.